Linda STELL; Dana Stell,
Plaintiffs–Appellants,

v.

Montell JORDAN; Oji Pierce; Mo' Swang Publishing; Chrysalis Music, Inc., a California corporation; Oji Music; Warner–Tamerland Publishing Corp., a California corporation; Warner/Chappell Music, Inc., a foreign corporation; Def American Songs, Inc., a New York corporation; Rush Associated Labels, Inc., a New York corporation; Island Records, Inc., a New York corporation; Polygram Group Distribution, Inc., a Delaware corporation, Defendants–Appellees.

No. 99–16580.

D.C. No. CV–96–02661–SNM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided March 21, 2001.

Before HUG, NOONAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [1]

Dana and Linda Stell appeal the district court's grant of summary judgment in favor of Montell Jordan and other defendants ("Jordan et al.") in the Stells' action

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

alleging copyright infringement and Lanham Act violations. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we reverse. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here except as necessary to explain our decision.

This Court reviews a grant of summary judgment de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). Here, there is a genuine issue of material fact as to whether Jordan composed the song at issue before Stell did. The musicology expert's opinion that Jordan's song and the Stells' song were "strikingly similar" permitted an inference of copying that challenges Jordan's claim of prior independent creation. *See Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). Up against Jordan's witnesses who stated that Jordan wrote his song first, the Stells' expert's opinion was sufficient to create a genuine issue of material fact as to whether these witnesses were telling the truth. Thus, there is a credibility issue to determine at trial, and summary judgment was improper here. Accordingly, the district court's grant of summary judgment in favor of Jordan, et. al. is REVERSED and REMANDED for further proceedings.